# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED NATIONAL INSURANCE COMPANY, licensed to do business in the State of Nevada,<br><br>                    Plaintiff,<br><br>        vs.<br><br>ASSURANCE COMPANY OF AMERICA, licensed to do business in the State of Nevada, and MARYLAND CASUALTY COMPANY, licensed to do business in the State of Nevada,<br><br>                    Defendant.<br>_____<br><br>ASSURANCE COMPANY OF AMERICA, and MARYLAND CASUALTY COMPANY,<br><br>                    Counterclaimants,<br><br>        vs.<br><br>UNITED NATIONAL INSURANCE COMPANY and NATIONAL FIRE & MARINE INSURANCE COMPANY<br><br>                    Counterdefendants.<br>_____<br><br>ASSURANCE COMPANY OF AMERICA, and MARYLAND CASUALTY COMPANY,<br><br>                    Third Party Plaintiffs,<br><br>        vs.<br><br>NATIONAL FIRE & MARINE INSURANCE COMPANY,<br><br>                    Third Party Defendant.<br>_____ | Case No.: 2:10-cv-01086-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion to Dismiss–#24) |

1

Before the Court is Counterdefendant/Third Party Defendant National Fire & Marine Insurance Company's ("National Fire") **Motion to Dismiss** (#24, filed Apr. 4, 2011) for failure to state a claim.  The Court has also considered Defendants/Counterclaimants/Third Party Plaintiffs Assurance Company of America ("Assurance") and Maryland Casualty Company ("Maryland") (collectively "Zurich") Opposition (#28, filed Apr. 21, 2011), and National Fire's Reply (#31, filed May 2, 2011).

## BACKGROUND

This dispute arises from an underlying construction defect case in Nevada State Court and the insurance policies the parties issued to RB Peterson & Sons Construction Co. Inc. ("Peterson Construction").  The following facts are as alleged by Zurich.  Assurance issued a commercial general liability insurance policy to Peterson Construction effective July 31, 2000 to July 31, 2002.  Maryland issued a commercial general liability insurance policy to Peterson Construction effective July 31, 2002 to July 31, 2003.  National Fire issued a commercial general liability insurance policy that was effective August 18, 2003 to August 18, 2004, but which Peterson Construction cancelled on March 17, 2004.

Peterson Construction was then named as a defendant in a construction defenct lawsuit—*Abad, et al. V. Seneca Falls, LLC, et al.*, Case No. 05A514727 (the "Underlying Action").  Plaintiffs in the Underlying Action claimed construction defects consisting of "improperly placed or compacted soils, improperly designed or constructed walkways, driveways, slabs, pads, foundations, exterior masonry site retaining/fence walls, and landscapes." (Dkt. #13, Third-party Compl. ¶ 13.)  Peterson Construction tendered its defense to Zurich and National Fire.  Zurich agreed to defend and indemnify Peterson Construction while National Fire denied coverage.  Zurich eventually settled Peterson Construction's portion of the Underlying Action for $1.3 million dollars.

On July 2, 2011, United National Insurance Company ("United National") filed suit against Zurich American Insurance Company.  United National later amended the complaint to

name Assurance and Maryland rather than Zurich American Insurance Company, apparently Assurance and Maryland's parent company. Zurich (as Assurance and Maryland) then filed counterclaims against United National and National Fire and a third-party complaint against National Fire. National Fire now seeks to dismiss the "counterclaims" and third-party complaint filed against it. For the reasons discussed below, the Court denies National Fire's motion.

## DISCUSSION

### I.   Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the

3

1  complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal

2  quotation marks omitted).  When the claims in a complaint have not crossed the line from

3  conceivable to plausible, the complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

4         The "documents 'whose contents are alleged in a complaint and whose authenticity

5  no party questions, but which are not physically attached'" to the pleading, may be considered in

6  ruling on a Rule 12(b)(6) motion to dismiss.  *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970,

7  986 (9th Cir. 2002) (superseded by statute on other grounds) (quoting *Branch v. Tunnell,* 14 F.3d

8  449, 454 (9th Cir. 1994)).  Also, "on a motion to dismiss a court may properly look beyond the

9  complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one

10 for summary judgment."  *Mack v. South Bay Beer Distribs., Inc*., 798 F.2d 1279, 1282 (9th Cir.

11 1986).  Thus, the Court may look at the insurance policies alleged in the complaint and to certain

12 relevant public records in its analysis of this motion to dismiss.

13 **II.     Analysis**

14        Even though Zurich misconstrues the motion to dismiss standard under *Iqbal* and

15 *Twombly* citing now largely irrelevant case law, Zurich has sufficiently stated its claims against

16 National Fire.  While plaintiffs must provide sufficient factual information to show that they may

17 be entitled to relief, plaintiffs are not required to provide detailed factual information.  The factual

18 allegations, including facts present in attached and incorporated documents, must simply "rise

19 beyond the speculative level."  *Twombly*, 550 U.S. at 555.  Here, Zurich has provided sufficient

20 information to put National Fire on notice of its declaratory judgment, equitable contribution,

21 indemnity, and equitable subrogation claims, and the facts on which the claims stand which the

22 Court finds raise these claims beyond the speculative level.  This includes Zurich's allegations that

23 it paid more than $300,000.00 over its policy limits and allegations that National Fire's policy

24 makes it liabl2e for at least that excess, if not more.  It also includes the allegation (and some

25 supporting facts) that, under the relevant policies, National Fire owed a duty to defend and is liable

26 /

AO 72
(Rev. 8/82)

for any amount owed to United National (the Plaintiff in this case). As Zurichs complaint states adequate claims, the Court denies National Fire's motion.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that National Fire's Motion to Dismiss (#24) is DENIED.

Dated: September 23, 2011.

_____
ROGER L. HUNT
United States District Judge

AO 72
(Rev. 8/82)