UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED NATIONAL INSURANCE CO., | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 2:10-cv-01086-JAD-NJK |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ASSURANCE CO. OF AMERICA, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

    Pending before the Court is the parties' joint status report seeking a hearing on certain discovery motions. Docket No. 128. On April 26, 2013, the parties filed an emergency motion to continue the hearing set on those motions in light of a mediation scheduled for May 30, 2013. Docket No. 123. The Court then vacated the hearing date and indicated that the parties could request a new hearing date in the event the mediation was unsuccessful. Docket No. 124.

    The parties have now indicated that the mediation was unsuccessful, that some supplemental discovery has been provided, and that the parties have engaged in extensive meet and confer efforts to resolve their disputes. *See* Docket No. 128. Indeed, some of the discovery disputes were resolved through that process. In light of the extensive meet and confer efforts, as well as the passage of four months since the Court's previous order, the Court finds that the best approach to resolve any remaining discovery disputes is through the filing of a new motion detailing the current

1  discovery disputes between the parties.[1]  The Court will set a hearing at its discretion on any newly
2  filed discovery motion.
3      IT IS SO ORDERED.
4      DATED: September 4, 2013

                                      _____
6                                        NANCY J. KOPPE
                                      United States Magistrate Judge

---

[1] The Court notes that the some of the parties' disputes have been raised previously through competing motions for protective order and to compel. *See* Docket Nos. 105, 107. The parties should consider whether any remaining dispute(s) may be raised through one fully-briefed motion alone. *See* Fed. R. Civ. P. 26(c)(2) (if the court denies a motion for protective order, "the court may, on just terms, order that any party or person provide or permit discovery"); Fed. R. Civ. P. 37(a)(5)(B) (if the court denies a motion to compel, "the court may issue any protective order authorized under Rule 26(c)").