# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United National Insurance Co.,<br><br>Plaintiff<br><br>v.<br><br>Assurance Company of America and Maryland Casualty Company,<br><br>Defendants;<br><br>Assurance Company of America and Maryland Casualty Company,<br><br>Counter-Claimants,<br><br>v.<br><br>United National Insurance Co. And National Fire and Marine Insurance Co.,<br><br>Counter-Defendants; and<br><br>Assurance Company of America and Maryland Casualty Company,<br><br>Third-Party Plaintiffs<br><br>v.<br><br>National Fire and Marine Insurance Co.,<br><br>Third-Party Defendant | Case No.: 2:10-cv-01086-JAD-NJK<br><br>**Order<br>Denying Emergency Motion for<br>Leave to File Excess Pages [Doc. 171] and<br>Denying Emergency Motion to Strike [Doc. 173]** |

1

This construction-defect action arises out of residential construction at the Seneca Falls subdivision in North Las Vegas, Nevada. Assurance Company of America and Maryland Casualty Company bring two motions for expedited review: an emergency motion for leave to file excess pages and an emergency motion to strike Richard Petersen's affidavit.[1] Having reviewed the record and the relevant law, I deny both motions for failure to comply with Local Rule 7-5(d). The denial of these "emergency" motions is summarized by Inigo Montoya's observation in *The Princess Bride*: "You keep using that word. I do not think it means what you think it means."[2]

**Discussion**

**A.    Emergency Motions**

District judges are sometimes called upon to resolve emergency disputes. When a party files a written emergency motion, Local Rule 7-5(d) requires counsel to title it "emergency motion" and to attach an affidavit with three points: "(1) The nature of the emergency; (2) The office addresses and telephone numbers of movant and all affected parties; and, (3) A statement of movant certifying that, after personal consultation and sincere effort to do so, movant has been unable to resolve the matter without Court action." The statement must detail what notice was given to the other party and, if the emergency prevents consultation with the other party, must include a "detailed description" that enables the Court to evaluate whether consultation was in fact impossible.[3]

Assurance and Maryland Casualty properly titled their motions as "emergency motions," but they failed to attach any affidavits that explained the emergency nature of their requests, provided contact information, or certified efforts to resolve their concerns without judicial action.[4] On reviewing the motions, I also do not see any factual issues or legal questions that require a more urgent timeline than would apply in the ordinary course of motion practice. Accordingly, I deny

---

[1] Docs. 171, 173.

[2] *The Princess Bride* (Act III Communications 1987).

[3] LR 7-5(d).

[4] *Cf.* LR 7-2(d).

2

both motions as improvidently labeled as "emergency" items. If Assurance and Maryland Casualty wish to refile their motion for leave to file excess pages, they must do so within one week, on or before June 11, 2014.

**B.     Motion to Strike**

Federal Rule of Civil Procedure 12(f) permits courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[5] The target of Assurance and Maryland Casualty's request to strike is not a pleading, but an affidavit attached to United National's motion for summary judgment.[6] Movant has fallen victim to one of the classic blunders: attempting to extend Rule 12(f)'s striking power beyond pleadings.[7] "Rule 12(f) cannot serve as the procedural vehicle for striking language contained in motion papers."[8] If a party objects to an exhibit attached to a summary-judgment motion, it should state its objection in its response. The motion to strike Richard Petersen's affidavit is denied on this basis as well.

**Conclusion**

Accordingly, and with good cause appearing,

**IT IS HEREBY ORDERED** that Assurance Company of America and Maryland Casualty Company's Emergency Motion for Leave to File Over-Length Brief **[Doc. 171] is DENIED**. The parties have leave of Court to refile this motion in a proper and appropriate, rule-compliant format **Wednesday, June 11, 2014**.

/ / /

/ / /

/ / /

---

[5] Fed. R. Civ. P. 12(f).

[6] Docs. 157, 173.

[7] *See The Princess Bride* (citing three different, but equally fatal, classic blunders).

[8] *Parker v. CMRE Fin. Svcs, Inc.*, 2007 WL 3276322, at *4 (S.D. Cal. Nov. 5, 2007) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885–86 (9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to motions to strike").

3

**IT IS FURTHER ORDERED** that Assurance Company of America and Maryland Casualty Company's Emergency Motion to Strike Affidavit of Richard Petersen **[Doc. 173] is DENIED**.

DATED June 4, 2014.

_____
Jennifer A. Dorsey
United States District Court