# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United National Insurance Co., | Case No. 2:10-cv-01086-JAD-NJK |
| Plaintiff | |
| v. | **Order**<br>**(Re: #176, #180)** |
| Assurance Company of America and Maryland Casualty Company, | |
| Defendants | |
| ALL RELATED ACTIONS | |

This construction-defect action arises out of residential construction at the Seneca Falls subdivision in North Las Vegas, Nevada. Plaintiff United National Insurance filed a motion for summary judgment on April 18, 2014, that defendants Assurance Company of America and Maryland Casualty Company are attempting to oppose.[1] After the Court denied two emergency motions by defendants—and found that neither motion presented an emergency—defendants refiled one of these motions as an emergency motion or, in the alternative, as a regularly noticed motion.[2]

---

[1] *See* Docs. 157, 171, 173, 175–79.

[2] Doc. 175 at 2–3.

1

Plaintiffs also filed a new motion to extend their time for reply to defendants' opposition.[3] The Court finds these motions appropriate for disposition without oral argument, grants in part and denies in part defendants' new motion to exceed page limits, and grants plaintiff until July 28, 2014, to file its reply.

**Discussion**

**A.     Motion for Leave to File Overlength Opposition Brief (Doc. 176)**

Assurance and Maryland Casualty seek leave to file a 41-page response to United National's motion for summary judgment.[4] They remind the Court of the stipulation that this Court granted on May 6, 2014, which set United National's motion-for-summary judgment deadline on April 28, 2014; set defendants' response deadline on May 23, 2014; and set United National's reply deadline on June 27, 2014.[5] Based on this timeline, defendants urge that emergency judicial review is necessary.[6] I continue to disagree because, on the same facts and law, I see no exigent situation requiring urgent judicial intervention.[7] This is a scheduling matter within the Court's authority to resolve; the parties satisfy their obligations by filing extension requests before deadlines pass. Any future use of the "emergency" vehicle should be exercised sparingly and considered in light of Local Rule 7-5(d)'s purpose of providing judicial intervention in truly exigent circumstances.

In the alternative, defendants present a regularly noticed request to exceed the 30-page limit set by Local Rule 7-4 because their proposed response brief raises numerous complex factual and legal issues, requires this length to respond to issues raised in United National's summary-judgment

---

[3] Doc. 180.

[4] Doc. 176 at 4.

[5] *Id.* at 3–4; *see also* Doc. 168 at 2.

[6] Doc. 176 at 3–4; Doc. 179 at 3..

[7] Doc. 175 at 2.

2

1  motion, and does not prejudice United National.⁸  They explain that they met and conferred with
2  United National at length but the parties were unable to reach an agreement.⁹  United National
3  objects to the request for extra pages, arguing that the proposed oversized opposition exceeds the
4  page limits "because it spends so many pages engaging in unnecessary and inappropriate attacks on
5  Plaintiff and undersigned counsel," with phrases in the opposition brief such as "intentionally silly,"
6  "downright obtuse," and "irresponsible."¹⁰

7       The Court will not referee counsel's personal exchanges on minutiae—exchanges that appear
8  to be quickly devolving between these parties.  Given that defense counsel—officers of this
9  court—represent that they require an expanded page limit to fully present their arguments, and given
10 that United National does not dispute that the complex nature of this litigation may support the
11 request for excess pages, the interests of justice support granting Assurance and Maryland Casualty's
12 request.¹¹  I therefore grant leave to file the 55-page response that appears as Exhibit 1 to the
13 request.¹²

14 **B.    Motion to Extend Time (Doc. 180)**

15      United National moved on June 27, 2014, for an extension of time for its reply to defendants'

---

⁸ *Id.* at 4–8.  Defendants also argue that Federal Rule of Civil Procedure 56(c) and (e) and the District of Nevada's Local Rules do not set any page limit on their ability to object to evidence that the plaintiff brings in support of its summary-judgment motion.  Doc. 179 at 2.  While these sections of FRCP 56 clearly govern how parties and the Court may address factual issues, I see nothing in these rules that would supersede a district's local rules on page limits for motions.  It is my belief and policy that any evidentiary objections should be contained in, and argued within, the parties' opposition and reply briefs themselves; those briefs should not exceed the page limitations prescribed by the local rules.

⁹ *Id.* at 8.

¹⁰ Doc. 178 at 2–3.

¹¹ United National indicates that it would be willing to consider a compromise on page length if defendants amended their responsive motion "even to trim some of the offensive language detailed."  Doc. 178 at 3.

¹² Doc. 177-1.

3

response.[13] This reply was due under the scheduling order on June 27, 2014.[14] Plaintiff seeks leave of Court to file its reply either 14 days after defendants' response brief or, if the Court grants defendants' request to file the overlength brief, 14 days after the Court's ruling.[15] Because I have granted permission to file the overlength brief, United National is effectively seeking leave to reply by August 4, 2014, which is 14 days after entry of this order. The request is granted.

**Conclusion**

Accordingly, and with good cause appearing,

It is hereby ORDERED that Assurance Company of America and Maryland Casualty Company's Motion for Leave to File Overlength Brief **[Doc. 176] is DENIED in part and GRANTED in part**. Defendants are directed to file a complete copy of their oversized brief and any exhibits by **Thursday, July 24, 2014**.

It is further ORDERED that United National's Request for Extension of Time to File Reply **[Doc. 180] is GRANTED**; United National's reply to the oversized brief shall be filed no later than **Monday, August 4, 2014**.

DATED  July 21, 2014.

_____
Jennifer A. Dorsey
United States District Court

---

[13] Doc. 180 at 2.

[14] *Id.*; Doc. 168 at 2.

[15] Doc. 180 at 2.