**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United National Insurance Co., <br><br> Plaintiff <br><br> v. <br><br> Assurance Company of America and Maryland Casualty Company, <br><br> Defendants <br><br> ALL RELATED PARTIES | Case No.: 2:10-cv-01086-JAD-NJK <br><br> **Order Directing Summary Judgment Rebriefing and Vacating February 2, 2015, Hearing** <br> **[157]** |

    This coverage dispute arises from the Seneca Falls construction-defect litigation. Plaintiff United National Insurance Company seeks reimbursement of the $900,000 it paid as the excess insurance carrier on a construction-defect settlement, alleging that the burden should have been borne instead by Assurance Company and Maryland Casualty Company ("Zurich").[1]

    Pending before the court is United National's motion for summary judgment, which has—so far—spawned 18 filings by the parties that total a remarkable 364 pages of briefs, not including exhibits.[2] In preparing for the oral argument I set on this motion, I discovered that both sides have failed to comply with the local rules governing the format for summary-judgment briefing. Local Rule 7-4 limits summary-judgment motions and oppositions to 30 pages and replies to 20 pages each. And Local Rule 56-1 clarifies that the statement of facts supporting a motion for summary judgment or the responsive briefing must be "concise" and "include[d]" in the motion or response itself, not filed separately.[3] Both United National and Zurich have completely ignored these rules:

---

[1] Doc. 157 at 2, 4.

[2] *See* Docs. 157–59, 165, 167, 169–74, 176–80, 182–84.

[3] In addition, exhibits should not be filed as separate declarations; they should be attached to the motion itself in compliance with Local Rule 10-3. *See, e.g.,* Doc. 177.

1

- United National's motion is 32-pages long. It would only barely exceed the permitted page limitation had United National not separately filed a 13-page supporting statement of facts in violation of Local Rule 56-1,[4] and another 3-page request for judicial notice, for a total of **48 pages** of facts and argument, exclusive of exhibits.[5]
- Zurich responded with a 55-page opposition to the motion for summary judgment, a 45-page opposition to the statement of facts, a 12-page evidentiary objection, and a 21-page motion to strike one of United National's affidavits.[6] Although Zurich asked for leave to file its 55-page opposition, it characterized that brief as just 41-pages long and thus conveniently failed to mention the additional, separately filed 78 pages of facts and objections[7]—all of which are part of Zurich's summary-judgment-opposition package and collectively bring the total page count for the opposition to **133 pages** before I even begin to consider exhibits.[8]
- United National's reply brief is a rule-compliant 20 pages—until I consider its separately filed 62 pages of reply facts, which brings the page count to **82 pages.**[9] United National never sought leave to file any oversized brief or to separate out its facts from its arguments in violation of Local Rule 56-1 and, indeed, it opposed Zurich's requests for over-length briefing as unnecessary.[10]

---

[4] *See* Docs. 157–58.

[5] *See* Doc. 159.

[6] *See* Docs. 169, 170, 172, 173.

[7] *See* Doc. 171 (Zurich's first motion for leave to file oversized brief); *see also* Doc. 170 (objections to evidence); and Doc. 181 (order granting leave to file oversized brief).

[8] *See* Doc. 173.

[9] *See* Docs. 183–84.

[10] *See* Doc. 174 at 2.

2

**A.     The remedy for the parties' failure to comply with the local rules**

"The Local Rules, adopted pursuant to Federal Rule of Civil Procedure 83, are laws of the United States."[11] Federal "statutes and Rule 83 leave no room to doubt that the District Court [is] lawfully authorized to prescribe its local rules and that they have a clear legislative base."[12] United National and Zurich have abused the summary-judgment procedure and blatantly ignored the clear rules of this court in their fractured and unnecessarily lengthy approach to briefing, and it would be judicially inefficient for me to consider these issues in their current format.  It is well established that district courts have the inherent power to control their dockets and manage their affairs, and that includes the power to strike or deny motions as a sanction for abusive litigation conduct and violating court rules.[13]  I find that the most judicially economical way to manage this situation is to exercise my inherent power and deny United National's motion for summary judgment (Doc. 157) without prejudice to its refiling within the next 20 days in a format that fully complies with this order and the rules of this court.  Once that motion has been filed, briefing will proceed in the normal course and in compliance with all the rules of the court and the directives of this order.

In opposing Zurich's request to file its oversized opposition, United National suggested that Zurich's submission was so long "in part because it spends so many pages engaging in unnecessary and inappropriate" ad hominem attacks, and some of the filings do reflect personal disputes between counsel.[14]  To be sure, summary-judgment briefs are not a canvas for the parties to display their personal grievances.  The manner in which the parties have gone about this briefing (with United National completely ignoring the local rules and Zurich recognizing some of them but grossly understating the size of its full opposition when asking for additional pages) also does not warm the court to the idea that special treatment should be granted.

---

[11] *Martel v. Cnty. of L.A.*, 56 F.3d 993, 1001 (9th Cir. 1995) (citing *United States v. Hvass*, 355 U.S. 570, 575 (1958)) (Kleinfeld, J., dissenting) ("We cannot ignore the Local Rules.").

[12] *United States v. Hvass*, 355 U.S. 570, 575–76 (1958).

[13] *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010).

[14] Doc. 178 at 2.

3

Nevertheless, in the interest of ensuring that the parties have a full and fair opportunity to present their proper arguments, I will enlarge the page limits as follows: the motion and response brief shall not exceed 40 pages—and the reply brief shall not exceed 25 pages—of facts, arguments, requests, and objections of any type. Separately filed statements of facts, requests for judicial notice, objections, or other components will not be permitted. Exhibits shall be filed in compliance with Local Rule 10-3. Any brief that exceeds the page limits found in Local Rule 7-4 must include a table of contents and table of authorities that will not count against the total page limit; these tables shall be paginated with lower case roman numerals (i, ii, iii), and the memorandum of points and authorities shall be paginated to begin on page 1. No additional enlargement requests related to the summary-judgment briefing will be considered. And further violations of the rules or this order will not be tolerated or excused; non-compliant filings will be struck without prior notice or an additional opportunity to conform to the rules. The parties are also cautioned that these constraints are not a license to move substantive arguments into single-spaced footnotes in 10-point font, expand margins, compress line spacing, or test other creative ways to evade the page limits; substantive arguments in footnotes will be disregarded.

Because I am granting leave to refile the summary-judgment briefs, and because the parties ask me to rule on this motion before deciding a pending joint motion to vacate a 2012 order,[15] I am also vacating the February 2, 2015, oral argument that was previously set on both motions.[16] These matters may be rescheduled for hearing at the court's discretion once United National's renewed motion for summary judgment is fully briefed.[17]

---

[15] *See* Doc. 185 (Zurich's motion to vacate order); *see also* Doc. 187 (Zurich stipulating that vacatur will not take effect until United National's motion for summary judgment is resolved); *see also* Doc. 188 (United National withdrawing objection to motion to vacate).

[16] *See* Doc. 190 (notice of hearing on Docs. 157, 185).

[17] Local Rule 78-2.

**B.     Admissible Evidence**

Because the parties have leave for a do-over of this summary judgment process, I also take this opportunity to remind them that the summary-judgment procedure is the pretrial functional equivalent of a directed-verdict motion.[18] It therefore requires the same caliber of evidence that would be admitted at trial.[19] "[U]nauthenticated documents cannot be considered in a motion for summary judgment."[20] To authenticate a document, the proponent must offer "evidence sufficient to support a finding that the matter in question is what its proponent claims."[21]

**1.     Authenticating exhibits**

As the Ninth Circuit articulated in *Orr v. Bank of America*, documents authenticated through personal knowledge must be attached to an affidavit signed by a person with personal knowledge about the document—such as the drafter or signer of a document, or the custodian of a document kept in the ordinary course of a business, depending on the type of document and its particular relevance—or properly authenticated deposition transcript in which the same foundation was laid.[22] This is the typical method for authenticating contracts, business records, and other documents. Federal courts will not consider inadmissible hearsay—in an affidavit or otherwise—to support or

---

[18] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (citing *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n.11 (1983)).

[19] *Id.* (citing *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n.11 (1983)).

[20] *Orr v. Bank of Am.*, 285 F.3d 764, 733 (9th Cir. 2002) (citations omitted).

[21] *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532–33 (9th Cir. 2011) (quoting Fed. R. Evid. 901(a)).

[22] *See id.* at 773–74 ("documents authenticated through personal knowledge must be 'attached to an affidavit that meets the requirements of Fed. R. Civ. P. 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.'"); *see also* Fed. R. Civ. Pro. 30(f)(1) (requiring that depositions include reporters' certifications); Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

defeat summary judgment.[23] Attorneys cannot authenticate documents through attorney affidavits or declarations unless they have personal knowledge of the documents they seek to authenticate.

To authenticate a deposition transcript, the party must attach the deposition cover page (reflecting the names of the deponent and action) and attach a signed reporter's certification "to *every* deposition extract submitted."[24] The Ninth Circuit recognizes that "when unauthenticated extracts of a document are submitted that do not readily indicate that they are parts of the same document authenticated by another party, the trial court is not required to deem them authentic."[25] These excerpts may be excluded at the district court's discretion,[26] and in this court, exhibits are all too often excluded because the parties have failed to authenticate material evidence.

*Orr* also holds that when parties rely on deposition transcripts without citing page and line numbers in their statements of undisputed facts, districts court have discretion to exclude the evidence.[27] It reasons that "[j]udges need not paw over the files without assistance from the parties."[28] This reasoning doubly applies when a party seeks to authenticate a deposition exhibit through the deposition transcript, but provides no page and line numbers to where, in the lengthy transcript, the court should find a personal-knowledge basis for the exhibit.[29]

---

[23] *Kim v. United States*, 121 F.3d 1269, 1276–77 (9th Cir. 1997).

[24] *Id.* at 774 (emphasis added) (recognizing that "[i]t is insufficient for a party to submit, without more, an affidavit from her counsel identifying the names of the deponent, the reporter, and the action and stating that the deposition is a 'true and correct copy.' Such an affidavit lacks foundation even if the affiant-counsel were present at the deposition.").

[25] *Id.* at 776 n.16.

[26] *Id.*

[27] *Orr*, 285 F.3d at 774–75 (footnotes omitted) ("Orr's Statement of Undisputed Facts fails to cite the page and line numbers when referring to the deposition contained in Exhibit D. This defect alone warrants exclusion of the evidence.").

[28] *Id.* (quoting *Huey v. UPS Inc.*, 165 F.3d 1084, 1085 (7th Cir. 1999)) (internal quotation marks omitted).

[29] *Id.* at 774–75 (footnotes omitted).

**2.     Affidavits and declarations must be signed under penalty of perjury**

In addition, declarations and affidavits must comport with 28 U.S.C. § 1746, even when they are notarized. Section 1746(2) requires the following language: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." As Section 1746(1) illustrates, the relevant law is federal law, not the law of Nevada or another state.[30]

United National and Zurich attach a number of exhibits that are either unauthenticated or fail to comply with § 1746. These exhibits include a deposition transcript without a signed reporter's certification;[31] insurance policies that include a verification-of-policy-records page but lack an affidavit signed on personal knowledge and under penalty of perjury;[32] affidavits that either lack the penalty-of-perjury language or are signed "under penalty of perjury under the laws of the State of Nevada";[33] and hearsay-laden documents supported by the affidavits of people who can only testify to their receipt.[34] Though I have yet to consider the motion for summary judgment on its merits and express no opinion regarding whether it should be granted or denied, I strongly encourage the parties to utilize this opportunity to ensure that any exhibits they want the court to consider are properly authenticated because I will not consider evidence on summary judgment that has not been properly authenticated.

. . .

---

[30] When an affidavit, declaration, or another document is executed outside the United States, it must specify that the penalty of perjury is "under the laws of the United States of America." 28 U.S.C. § 1746(1).

[31] Doc. 158-1 (plaintiff's Exh. 1).

[32] Doc. 158-4 (plaintiff's Exh. 4).

[33] Docs. 158-7 (plaintiff's Exh. 7), 182-2 (defendants' Exh. B).

[34] Docs. 158-8 (plaintiff's Exh. 8), 182-3 (defendants' Exh. C). This order does not provide an exhaustive survey of authentication problems in the parties' exhibits; it simply highlights examples for their consideration.

**Conclusion**

Accordingly, it is hereby ORDERED that United National's Motion for Summary Judgment **(Doc. 157) is DENIED** without prejudice to its refiling within 20 days in a format that complies with this order and all rules of this court; and

IT IS FURTHER ORDERED that **the February 2, 2015, hearing in this matter is VACATED.**

DATED January 28, 2015.

_____
Jennifer A. Dorsey
United States District Court Judge