UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

United National Insurance Company,

Plaintiff,

vs.

Assurance Company of America, et al.,

Defendants.

AND RELATED CLAIMS

Case No.: 10-cv-1086-JAD-NJK

**Order Vacating Partial Summary Judgment**
[## 71, 185]

Assurance Company of America and Maryland Casualty Company ("Zurich") and third-party defendant National Fire & Marine Insurance Company move the court to vacate an order that granted partial summary judgment in favor of Zurich and against National Fire in this case three years ago, in order to effectuate the terms of a global settlement agreement between these carriers on various matters.[1] I find good cause to grant the unopposed motion, and I vacate the May 29, 2012, order.[2]

### Background

At the bottom of the parties' voluminous filings in this nearly five-year-old case is a dispute between Zurich, National Fire, and United National Insurance Company—RB Peterson & Sons' commercial liability insurers—over who owes what share of this grading and paving contractor's approximately $2.5 million settlement in the Seneca Falls construction-defect litigation. United claims that it paid more than $850,000 of Zurich's share of the settlement and seeks reimbursement.[3] Zurich filed a third-party claim against National Fire, alleging that National Fire's failure to perform

---

[1] Docs. 71 (order granting partial summary judgment); 185 (motion to vacate Doc. 71).

[2] Doc. 71.

[3] Doc. 1.

its obligations as one of RB Peterson's carriers caused Zurich to pay more than its fair share, and if United secures a judgment against Zurich, it is National Fire who should satisfy it.[4]

In January 2012, Zurich moved for partial summary judgment, requesting a judicial determination that National Fire had a duty to defend RB Peterson in the Seneca Falls litigation.[5] National Fire countermoved for summary judgment on all of Zurich's claims.[6] District Court Judge Roger Hunt granted Zurich's motion and denied National Fire's.[7]

Zurich and National Fire have reached a global settlement that resolves Zurich's claims against National Fire in this action, leaving only claims between United and Zurich.[8] One of the terms in that agreement is that Zurich and National Fire must jointly move the court to vacate Judge Hunt's May 29, 2012, interlocutory order granting Zurich's motion for partial summary judgment.[9] United originally opposed the vacatur motion because United relies on Zurich's briefs that garnered the partial-summary-judgment order for estoppel-based arguments in its own still-pending summary-judgment motion against Zurich.[10] But the parties since stipulated that the vacatur will essentially be without prejudice to United's ability to maintain its summary-judgment arguments,[11] and United withdrew its objection.[12]

By this order I grant the unopposed joint motion for vacatur and leave United's motion for summary judgment[13] for resolution in due course.

---

[4] Doc. 13 at 7.

[5] Doc. 40.

[6] Doc. 45.

[7] Doc. 71. The case was ultimately assigned to me. *See* Doc. 130.

[8] *See* Doc. 187 at ¶ 1–2.

[9] *Id.* at ¶ 4.

[10] *See id.* at ¶¶ 6–7.

[11] *Id.* at ¶ 7(b).

[12] Docs. 188, 189.

[13] Doc. 192.

## Discussion

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." While the Ninth Circuit provides no explicit guidance to trial courts on how they should consider vacating their own non-final orders, appellate panels have noted, in the context of Rule 60(b) motions seeking to vacate judgments, that a trial court should exercise "equitable discretion when reviewing its own judgments"[14] and should decide "whether to vacate its judgment in light of the consequences and attendant hardships of dismissal or refusal to dismiss and the competing values of finality of judgment and right to relitigation of unreviewed disputes."[15] With this guidance in mind, federal trial courts considering whether to vacate summary-judgment orders in light of settlement between the parties have considered: (1) whether the order is final, (2) whether vacating the order would serve the interests of the parties and judicial efficiency, and (3) the public interest in continuing to enforce the order.[16] The trial court's decision to vacate a summary-judgment ruling is reviewed for abuse of discretion.[17]

On balance, consideration of these three factors supports vacating the 2012 partial-summary-judgment order. First, the ruling was interlocutory; it resolved only one portion of the dispute between National Fire and Zurich. Second, vacating the order will serve the interests of the parties and judicial economy. The parties directly affected by this order—Zurich and National Fire—have

---

[14] *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1170 (9th Cir. 1998). The appellate courts are held to a more stringent standard. Where an appellate court considers cases mooted by settlement, vacatur should be granted only in "exceptional circumstances." *United States Bancorp Mort. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 26 (1994). Following this guidance, the Ninth Circuit has cautioned that a "dissatisfied litigant should not be allowed to destroy the collateral consequences of an adverse judgment by destroying his own right to appeal." *Dilley v. Gunn*, 64 F.3d 1365, 1371 (9th Cir. 1995).

[15] *Dilley*, 64 F.3d at 1371.

[16] *See TriQuint Semiconductor, Inc. v. Avago Techs., Ltd.*, 2012 WL 1768084, at *2–3 (D. Ariz. May 17, 2012); *cf. Chartis Specialty Ins. Co. v. Queen Anne HS, LLC*, 2012 WL 3780345, at *2 (W.D. Wash. Aug. 31, 2012) (determining motion for summary judgment was non-final and then balancing equities of enforcing decision, which included interests of the parties and public interest).

[17] *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 892 (9th Cir. 2012).

settled the dispute between them. Moving to vacate that order is a condition of their settlement, which resolves not just their dispute in this case but "hundreds of claims alleged by Zurich in [nine] additional actions in this Court, the Eighth Judicial District Court . . . , and [in] the United States District Court for the District of Arizona."[18] Thus, vacating this order will promote judicial efficiency not just in this case or this court, but in nine other cases in this and other courts, too.

Finally, with respect to the public interest, the U.S. Supreme Court's remark that "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole"[19] is of only marginal value here. This trial court opinion is of no precedential value and it decides an issue confined to the facts and circumstances of this case so it has no real persuasive effect either.[20] While I acknowledge that a liberal policy of vacatur hypothetically encourages "parties with deep pockets to litigate with impunity, knowing that they can eliminate adverse decisions with a settlement and a motion to vacate,"[21] the global nature of this settlement suggests that this was not the motivation of Zurich and National Fire in this case.

After balancing these factors, I find that the joint motion to vacate should be granted. Accordingly, the May 29, 2012, order (Doc. 71) will be vacated. But because the parties have stipulated that the vacatur will not take legal effect until after I have ruled on United's pending motion for summary judgment,[22] I direct the Clerk of Court to vacate the order but it will be without prejudice to United's summary judgment arguments, which I will consider as if the order remains in full force and effect.

---

[18] Doc. 187 at ¶ 2.

[19] *Bancorp*, 513 U.S. at 26.

[20] *See TriQuint*, 2012 WL 1768084, at *3; *Chartis*, 2012 WL 3780345, at *3 (noting that regardless whether an order was vacated or not, "it remains in the public record, and has as much persuasive effect as any court or party wishes to accord it.").

[21] *Chartis*, 2012 WL 3780345, at *4.

[22] Doc. 192; *see also* Doc. 187.

### Conclusion

Accordingly, it is HEREBY ORDERED that the Joint Motion to Vacate **[Doc. 185] is GRANTED**, and the Court's Order **[Doc. 71] is hereby VACATED**. However, vacatur of Doc. 71 will be without prejudice to United's arguments in its pending summary-judgment briefing. [Docs. 192, 194].

DATED: May 21, 2015.

_____
Jennifer A. Dorsey
United States District Judge